## SPEAR *v.* SCOTT.

### Opinion delivered March 1, 1920.

1. REPLEVIN—SUFFICIENCY OF EVIDENCE.—In an action to recover possession of certain machinery evidence *held* sufficient to sustain a finding of the jury that defendants failed to deliver part of the machinery in response to plaintiff's demand.

2. REPLEVIN—COSTS.—In an action to recover several pieces of machinery where plaintiff recovered only one of them, he is entitled to recover costs of the action.

3. COSTS—TENDER AS AFFECTING.—In an action of replevin, defendant could not escape liability for costs by tendering the property in the midst of the trial in the circuit court.

4. COSTS—MOTION TO RETAX.—The right to recover the property sued for in an action of replevin must be tested by the evidence adduced in the trial of the action, and not by testimony introduced at the hearing of a motion to retax costs.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Sam R. Chew,* for appellants.

The proof in the circuit court, as it did in justice's court, failed to show that the original taking was tortious, indeed no taking at all, and wholly failed to show demand made by appellants before suit for delivery of the inspirator. Under the facts it was unjust to tax the costs against appellants. In replevin where the original taking was not tortious, *demand* before suit is *essential.* Here the proof shows no demand made for the inspirator or pump, and no proof of wrongful taking by appellants. 35 Ark. 169; 82 *Id.* 362. Under the proof appellant's motion to retax the costs should be sustained.

*O. D. Thompson,* for appellee.

The evidence is conclusive that Scott made a demand for the inspirator. There is no error in admitting testimony, nor in the instructions, and the verdict is fully sustained by the evidence. 35 Ark. 169; 82 *Id.* 214.

McCULLOCH, C. J. Appellee instituted this action against appellants before a justice of the peace in Craw-

ford County to recover possession of a belt, a whistle. and an inspirator used as a part of a saw mill plant.

It appears from the testimony that appellee sold certain lands and a stock of merchandise to appellants at a stated price, and subsequently there was an agreement for rescission of the sale of merchandise in consideration that appellee was to retain an old boiler and saw rig on the land which had been sold. The testimony tends to show that the belt, the whistle and the inspirator were parts of the machinery mentioned in the contract.

The case was tried in the circuit court on appeal from the justice of the peace, and the verdict of the jury was in favor of appellee for recovery of the inspirator and against him as to the other articles sued for, viz.: the belt and whistle. The court thereupon rendered judgment in favor of appellee for recovery of possession of the inspirator and for the costs of the action. Appellant filed a motion to retax the cost and for a judgment in favor of appellants for the cost of the action on the ground that they had not refused to deliver possession of the inspirator, and that the verdict was in their favor as to the other two articles, which constituted the entire subject-matter of the controversy. The court overruled the motion, and an appeal has been prosecuted to this court.

There was a controversy in the trial of the cause as to whether or not there had been a wrongful detention of the inspirator. Appellee testified that he made demand for each of the articles claimed, but that appellants refused to deliver the articles. He testified that he sent his wagons to get the boiler and engine and the articles involved in this litigation, and wrote a letter asking for these particular articles, and that he received a letter in reply disputing his claim to the whistle and belt and claiming that the inspirator was not there. It was also stated in the letter written by appellants that all of the property that belonged to appellee had been loaded on the wagon except the boiler and engine. Appellants testified on the trial of the case in the circuit court that they

had never claimed the inspirator and did not know that there was one left on the place until after the trial before the justice of the peace. They stated in their testimony that they did not then claim the inspirator, and that appellee could have it when he called for it.

There was enough conflict in the testimony to justify the finding of the jury that appellants failed to deliver the inspirator in response to the demand of appellee. This being true, appellee was entitled to judgment for the costs, notwithstanding his failure to recover the other two articles sued for. According to the testimony, viewing it most favorably to appellee, the first time that appellant offered to surrender possession of the inspirator was in the midst of the trial in the circuit court, when all of the costs of the action had accrued. They could not escape liability for costs by tendering possession of the inspirator at that time, even if the statement of the witnesses on the witness stand could be treated as a tender. It is true that each of the appellants testified at the trial in the circuit court that they had stated in the trial in the justice of the peace court that they had not claimed the inspirator and that appellee was welcome to come and search for it and take it if he could find it, but that statement was disputed by the testimony of appellee that he had no recollection of any such offer before the justice of the peace.

The right to recover must be tested by the evidence adduced in the trial of the action, and not by testimony introduced at the hearing of the motion to retax the cost. The question of wrongful detention having been an issue in the trial of the main action, the verdict of the jury was conclusive, and that question could not be tried over again on motion to retax the cost.

That question was properly submitted to the jury in the court's charge. The court refused to give an instruction requested by appellants but gave one on the court's own motion on the same subject which correctly stated the law applicable to the case.

Finding that there was testimony legally sufficient to support the verdict on the issue as to whether or not the inspirator had been wrongfully detained, it follows that the judgment of the circuit court must be affirmed, and it is so ordered.